[No. 23255. Department Two. November 16, 1931.]

EUGENE L. THORP, *Appellant*, v. VIOLA S. THORP, *Respondent*.[1]

*V. A. Montgomery* (*Donald C. Husted*, of counsel), for appellant.

*Dykeman, Monheimer & Griffin*, for respondent.

MILLARD, J.—Plaintiff commenced an action March 11, 1930, for divorce from the defendant. On April 23, 1930, no appearance in the cause having been made by the defendant, an order of default was entered; and, after a hearing, the court entered an interlocutory order in favor of the plaintiff. On October 23, 1930, plaintiff moved, and filed his affidavit conforming to the requirements of Superior Court Rule V (159 Wash. lxxv) in support of his motion, that final judgment be entered granting him an absolute divorce from the defendant. The plaintiff averred:

"That six months have elapsed since the entry of said interlocutory decree and during that time and the whole thereof, he has not lived with or cohabited with the above-named defendant, and that he is now

[1]Reported in 4 P. (2d) 1103.

entitled to have a final decree of absolute divorce entered in said cause.''

The plaintiff's motion was granted. Shortly following the entry of the decree of absolute divorce, the defendant filed her petition for the vacation of the decree, on the ground that the plaintiff's affidavit was false. Hearing upon defendant's petition resulted in the setting aside and the annulling of the final decree of divorce, the court finding, substantially, as follows:

On April 23, 1930, interlocutory order was entered determining the property rights of the plaintiff and the defendant. To the plaintiff was awarded the custody and control of the minor child of the parties. The plaintiff at that time represented to the defendant that she would always be permitted to have the possession of the minor child. With his consent and approval, and at the partial expense of the plaintiff, and prior to the entry of the interlocutory order, the defendant took the minor child of the parties with her to the state of California, where they remained until August, 1930, when she returned to Seattle. Upon her return to Seattle, the defendant continued to retain the possession of the minor child.

During the month of September, she, becoming apprehensive that the plaintiff would not permit the child to remain with her, consulted an attorney and requested him to examine the records to ascertain whether a final decree of divorce had been entered.

About September 13, 1930, the plaintiff represented to the defendant that it was his desire that they become reconciled and again live together as husband and wife. Believing the representations of the plaintiff, and at his urgent request, the defendant spent the night of September 13th, 1930, with the plaintiff in a certain hotel in Seattle, on which occasion she cohabited with the plaintiff, and the parties thereby con-

summated their agreement to abandon the action for divorce. Thereafter, the plaintiff repeatedly informed the defendant that it was his desire that they be reconciled and again live together as husband and wife. He expressed the desire that the defendant wait a reasonable period of time until he had paid certain obligations, and until he had satisfied his mother that the proper course for the parties to pursue was to resume the relations of husband and wife; thereupon the defendant advised her counsel to do nothing further in the matter.

The night of October 18, 1930, defendant, still believing in his representations and at his urgent request, occupied the same bed with and cohabited with the plaintiff. On October 23, 1930, plaintiff filed his motion for a final decree of divorce, supporting same with an affidavit in which he stated that he and the defendant had not cohabited together since the entry of the interlocutory order. On October 27, 1930, acting upon the motion and affidavit, the court entered a final decree of divorce. On October 29, 1930, the plaintiff again repeated to the defendant his desire for reconciliation, and reassured her that she should always have the possession of their minor child, again inducing the defendant to go with him to a hotel in Seattle, where they spent the night together; on which occasion the defendant cohabited with the plaintiff. The defendant did not then know that a final decree of divorce had been entered.

Defendant was later advised by her counsel that a final decree of divorce had been entered, whereupon she filed her petition for vacation of that decree. The plaintiff has appealed from the order vacating the decree.

The evidence amply supports the findings of the trial court. When the appellant procured the decree on a false affidavit, he was guilty of fraud on the court warranting the vacation of the final decree. *Smith v. Smith,* 148 Wash. 457, 269 Pac. 821.

The order appealed from is affirmed.

TOLMAN, C. J., BEALS, MAIN, and HOLCOMB, JJ., concur.